17 F.3d 1436
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Vernon Lee BRANHAM, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-7089.
 United States Court of Appeals, Tenth Circuit.
 Feb. 14, 1994.
 
 ORDER AND JUDGMENT[1]
 Before SEYMOUR, Chief Judge, MCKAY, and BALDOCK, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner-Appellant, Vernon Lee Branham, appeals from the district court's dismissal of his writ of habeas corpus. We affirm.
 
 
 3
 Mr. Branham was convicted of two counts of mailing an explosive with intent to injure, 18 U.S.C. 1716; two counts of possession of an unregistered destructive device, 26 U.S.C. 5861(d); and two counts of manufacturing a destructive device, 26 U.S.C. 5861(f). We affirmed his conviction in United States v. Branham, No. 88-1487 (10th Cir. July 3, 1989). Mr. Branham filed a habeas petition pursuant to 28 U.S.C. 2255 claiming ineffective assistance of pretrial, trial, and appellate counsel. The district court dismissed his first habeas petition, but we remanded for further proceedings. Branham v. United States, 933 F.2d 1019 (10th Cir.1991) (unpublished disposition). The district court appointed counsel to represent Mr. Branham. After discovery, the magistrate judge made Findings and Recommendations suggesting denial of Mr. Branham's writ of habeas corpus, which the district court adopted. It is from this denial that he now appeals.
 
 
 4
 Mr. Branham has submitted a brief by counsel and a pro se brief, arguing in both that he was denied effective assistance of counsel. We note as a preliminary matter that through the use of extensive interrogatories and cross-interrogatories of Mr. Branham's attorneys, there was significant development of the record on this issue.
 
 
 5
 The record supports the district court's determination that "Petitioner was provided with effective trial and appellate counsel." Findings and Recommendation, July 9, 1993, at 3. Mr. Branham failed to meet the demanding two-part test established in Strickland v. Washington, 466 U.S. 668 (1984), for demonstrating ineffective assistance of counsel. "Judicial scrutiny of counsel's performance must be highly deferential." Id. at 689. Mr. Branham focuses primarily on the alleged deficient performance of attorney George Smith. The record indicates that the government had a very strong case against Mr. Branham, and that Mr. Smith's efforts to obtain a plea agreement for him, as opposed to pursuing other arguably meritless avenues of defense, can be accurately characterized as a strategic decision. See Rec., doc. 40, at 2. Claims of ineffective assistance of counsel are not to be judged by the wisdom of hindsight, Strickland, 466 U.S. at 689, and Mr. Branham has not overcome the presumption that counsel's actions fall within the wide range of reasonable professional conduct and trial strategy. Id. Even assuming arguendo that Mr. Branham met the first prong of Strickland by showing Mr. Smith's performance was deficient, he has wholly failed to demonstrate that Mr. Smith's "errors were so serious as to deprive [him] of a fair trial, a trial whose result is reliable." Id. at 687. Nor are we persuaded that Mr. Branham established an ineffectiveness claim with respect to his other counsel.
 
 
 6
 Accordingly, the decision of the district court is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 22, 1993